[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 14, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11144
Non-Argument Calendar

_____

D. C. Docket No. 06-80133-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LUIS FERREIRO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 14, 2008)**

Before WILSON, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Jose Luis Ferreiro appeals his 57-month sentence for one count of conspiracy to pay kickbacks and six counts of paying kickbacks, for referrals of Medicare patients, in violation of 18 U.S.C. § 371 and 42 U.S.C. § 1320a-7b(b)(2)(A) and (B). Ferreiro argues that the district court (1) erred in applying an enhancement under U.S.S.G. § 2B1.1(b)(1) based on the amount of loss caused Medicare, as he was not convicted of filling fraudulent prescriptions for Medicare patients, such that his offense did not cause the government a loss; and (2) imposed an unreasonable sentence. For the reasons discussed below, we affirm.

## I. § 2B1.1(b)(1) Enhancement

We normally review the sentencing court's findings of fact for clear error and application of those facts to the Sentencing Guidelines de novo. United States v. Liss, 265 F.3d 1220, 1227 (11th Cir. 2001). However, when a defendant raises a sentencing objection for the first time on appeal, as here, we review for plain error. United States v. Dorman, 488 F.3d 936, 942 (11th Cir.), cert. denied, 128 S.Ct. 427 (2007). Under this standard, the defendant first must show (1) an error, (2) that is plain, and (3) that affected his substantial rights. United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993). If the defendant demonstrates a plain error that affected his substantial rights, we can correct the error, but only if we find that the error seriously affected the fairness, integrity, or

2

public reputation of the judicial proceedings. Id. at 732, 113 S.Ct. at 1776.

A defendant convicted of violating § 1320a-7b may be sentenced according to U.S.S.G. § 2B4.1. U.S.S.G. App. A. This section includes a specific offense characteristic enhancement for the "value of the bribe" in question. See U.S.S.G. § 2B4.1(b)(1)(B). Specifically, when the value of the bribe in question exceeds $5,000, § 2B4.1 directs that the defendant's base offense level be increased according to a table in U.S.S.G. § 2B1.1. Id. This table otherwise pertains to the amount of loss involved in a conviction for, inter alia, fraud. See generally U.S.S.G. § 2b1.1(b)(1). As it pertains to offenses sentenced under § 2B4.1, however, this table directs that, when a defendant pays a bribe that is more than $1 million but less than $2.5 million, his base offense level be increased by 16. U.S.S.G. § 2B1.1(b)(1)(I).

Here, the district court sentenced Ferreiro under § 2B4.1. Following § 2B4.1(b)(1)'s instructions to use the table in § 2B1.1(b)(1) to enhance the base offense level based on the amount of the bribe in question, it applied a specific offense characteristic enhancement for the $1.2 million in kickbacks that Ferreiro paid, an amount that Ferreiro does not contest. Ferreiro's argument that the enhancement should not have been applied because his offense conduct did not cause Medicare a loss is without merit, as Ferreiro's enhancement was not based

3

on causing a loss to Medicare, but rather on paying a kickback, a fact that Ferreiro does not contest.

To the extent that Ferreiro relies on our suggestion, in United States v. Medina, 485 F.3d 1291, 1304 (11th Cir. 2007), that a defendant guilty of paying kickbacks should not receive a § 2B1.1(b)(1) enhancement, Ferreiro is misguided, as, in that case, we only considered the application of the § 2B1.1(b)(1) table to a defendant sentenced under a fraud Guideline, and said nothing of the bribe-amount provision in § 2B4.1. Therefore, the district court did not plainly err, and we affirm as to this issue. See Dorman, 488 F.3d at 942.

## II. Reasonableness

After the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the sentencing court must not only correctly calculate the guideline imprisonment range, but must treat that range as advisory and impose a reasonable sentence. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). Specifically, the district court must impose a sentence that is both procedurally and substantively reasonable. United States v. Hunt, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006); Gall v. United States, No. 06-7949, slip op. at 12 (U.S. Dec. 10, 2007). The Supreme Court has explained that a sentence may be procedurally unreasonable if the district court improperly calculates the guideline

4

imprisonment range, treats the Guidelines as mandatory, fails to consider the appropriate statutory factors, bases the sentence on clearly erroneous facts, or fails to adequately explain its reasoning. Gall, No. 06-7949, slip op. at 12. The Court also has explained that the substantive reasonableness of a sentence is reviewed under an abuse-of-discretion standard. Id. It has suggested that review for substantive reasonableness under this standard involves inquiring whether the statutory factors support the sentence in question. Id. at 17.

These statutory factors are found in § 3553(a). Booker, 543 U.S. at 246, 125 S.Ct. at 757. Pursuant to § 3553(a), the sentencing court shall impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing listed in § 3553(a)(2), namely reflecting the seriousness of the offense, promoting respect for the law, providing just punishment for the offense, deterring criminal conduct, protecting the public from future criminal conduct by the defendant, and providing the defendant with needed educational or vocational training or medical care. See 18 U.S.C. § 3553(a)(2). The statute also instructs the sentencing court to consider certain factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the guideline imprisonment range, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1), (4), and (6).

5

In considering the § 3553(a) factors and explaining the reasoning behind its choice of sentence, the district court need not discuss or state that it has explicitly considered each factor of § 3553(a). Talley, 431 F.3d at 786. Instead, an explicit acknowledgment that the district court has considered the defendant's arguments and the § 3553(a) factors will suffice. United States v. Scott, 436 F.3d 1324, 1329-30 (11th Cir. 2005); see also Rita v. United States, 551 U.S. __, 127 S.Ct. 2456, 2469, 168 L.Ed.2d 203 (2007) (holding that the defendant's sentence was reasonable when the district court considered the parties' arguments and provided a reasoned basis for its choice of sentence).

Here, the district court imposed a procedurally reasonable sentence. See Hunt, 459 F.3d at 1182 n.3; Gall, No. 06-7949, slip op. at 12. The district court correctly calculated the guideline imprisonment range, as discussed above. See Gall, No. 06-7949, slip op. at 12. The district court also considered the statutory factors. See id. Indeed, the district court explicitly acknowledged that it had considered the § 3553(a) factors. See Scott, 436 F.3d at 1329-30. The district court likewise more than sufficiently explained its reasoning. See Gall, No. 06-7949, slip op. at 12. Although it was not required to, the district court expressly discussed at length certain of the § 3553(a) factors. See Scott, 436 F.3d at 1329-30. Specifically, the district court acknowledged the nature and characteristics of

6

the defendant, the seriousness of the offense, and the need for deterrence.  <u>See</u> 18 U.S.C. § 3553(a)(1), (2).

The district court also imposed a substantively reasonable sentence.  <u>See</u> <u>Hunt</u>, 459 F.3d at 1182 n.3; <u>Gall</u>, No. 06-7949, slip op. at 12.  While the district court reasoned that Ferreiro had favorable characteristics, it ultimately was influenced by the seriousness of the offense and the need to impose a sentence sufficient to deter future Medicare-related crimes to exercise its discretion to impose a sentence at the bottom of the guideline imprisonment range.   Therefore, the § 3553(a) factors supported the district court's sentence, and the district court did not abuse its discretion.  <u>See</u> <u>Gall</u>, No. 06-7949, slip op. at 12, 20.  Because the district court considered the appropriate factors and appropriately exercised its discretion, it imposed a reasonable sentence, and we affirm as to this issue.

**SENTENCE AFFIRMED.**